UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYAL OAK TOWNSHIP
INVESTMENTS, LLC, et al.,

         Plaintiffs,

                                   Case No. 25-cv-11342

v.                                    HON. MARK A. GOLDSMITH

ROYAL OAK TOWNSHIP, et al.,

         Defendants.

_____/

**OPINION & ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS JIM WRIGHT AND MCKENNA ASSOCIATES' MOTIONS TO DISMISS (Dkts. 25, 26)**

Plaintiffs bring this action alleging federal constitutional and state law violations for the revocation of permits, a license, and a certificate related to their marijuana business against Defendants Royal Oak Township; former Royal Oak Township Building Director Brent Strong; Building Director Jim Wright; Code Enforcement Services, Inc.; Carlise/Wortman Associates, Inc; and McKenna Associates, Inc.  See Compl. (Dkt. 1).[1]  Before the Court are motions to dismiss by Defendants Jim Wright and McKenna Associates, Inc. seeking to dismiss all the counts against them.  See Wright Mot. (Dkt. 25); McKenna Mot. (Dkt. 26).[2]  For the reasons set forth below, the

---

[1] Plaintiffs are Royal Oak Township Investments, LLC; Mivar Management Company, LLC; Glendale Renovation, LLC; NJ Holdings & Investments, LLC; CSK Investments, LLC; SS Investments, LLC; Nevar Jahway; Chris Kiraykoza; and Michael J. Balian.  See Compl.

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  In addition to Wright and McKenna's motions, the briefing also includes Plaintiffs' response (Dkt. 31) and Wright and McKenna's replies (Dkts. 36 and 37).

1

Court grants both motions, in part, as to Counts II, III, and IV and denies both motions, in part, as to Count I.

## I.   BACKGROUND

Plaintiff's complaint alleges the following facts.  Plaintiffs purchased a property, located within Royal Oak Township, intending to run a business which they described as a "[l]andlord for [m]edical [m]arijuana [t]enants" and "[p]roviding 10 units/addresses in a medical marijuana grow facility for caregivers to grow medical marijuana" for patients.  Compl. ¶¶ 20, 27.  Plaintiffs applied to Defendants for a building permit, PB20-0039, for "construction of 10 units for medical marijuana care giving[,] [sic]" which Defendants approved.  Id. ¶ 22.  Plaintiffs applied for, and Defendants issued, several more permits: PE21-0002 (electrical); PE21-0009 (fire); PM21-0003 (mechanical); PP21-0001, and PP21-0005.  Id. ¶ 23.  Upon receiving these permits, Plaintiffs began demolition and buildout of the property to the amount of $75,000.00.  Id. ¶ 24.  During this time, Defendants inspected the property on multiple occasions.  Id. ¶ 25.  Upon completion of the work, Plaintiffs obtained final inspection approvals, a business license certificate, and a certificate of occupancy from Defendants in July 2021.  Id. ¶¶ 26–31.

Some ten months later, in May 2022, Defendants, via letter, revoked Plaintiffs' certificate of occupancy, business license, and all issued building permits without following the procedures established by Royal Oak Township's Code of Ordinances, Michigan building code, and Michigan law.  Id. ¶¶ 33–34.  The letter listed "violations and noncompliance" and stated that the property was "zoned M1, industrial [p]ark," which required a "site plan review" pursuant to § 32-76; a "[s]pecial uses" approval pursuant to § 32-105; and that the facility be "setback from residentially zoned districts" by 200 feet pursuant to § 32-523(b)(10)a.  5/10/2022 Letter at PageID.364 (Dkt.

25-6).[3]  The letter also stated that permits—PB20-0039; PE21-0002; PE21-0009; PM21-0003; PP21-0001; PP21-0005—were issued in error and are therefore revoked.  Id.  In July 2022, Defendants sent Plaintiffs a "final notice" ordering that "all grow operations cease."  7/14/2022 Letter at PageID.366 (Dkt.25-7).  Also included along with the July letter was "Ticket #RTZ 1950," which Defendants explained was "issued for failure to comply with previous notice sent regarding these violations."  Id.

Plaintiffs filed this action, under 42 U.S.C. §1983, alleging violations of substantive due process (Count I), procedural due process (Count II), and equal protection (Count IV) under the Fourteenth Amendment against Wright and McKenna.[4]  Compl. ¶¶ 47–63; 70–79.  Plaintiffs also allege a state law claim for malicious prosecution in violation of Mich. Comp. Laws § 66.2907 (Count III).  Id. at ¶¶ 64–69.

## II.   ANALYSIS[5]

Wright's motion to dismiss argues that Plaintiffs' due process claims are facially implausible because (i) they have not pleaded a constitutionally protected interest; and (ii) they

---

[3] When analyzing a 12(b)(6) motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).  The Court will, therefore, consider the May 10 and July 14, 2022 letters which were attached to Wright and McKenna's motions, as they are central to Plaintiffs' claims.  5/10/2022 Letter at PageID.364; 7/14/2022 Letter at PageID.366 (Dkt. 25-7).

[4] The parties stipulated to dismiss the official capacity claim against Wright; the Fifth Amendment violation in Count II against both Wright and McKenna; and the malicious prosecution claim in Count III against both Wright and McKenna.  10/10/25 Stip. Order at PageID.548–549 (Dkt. 42).

[5] To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The plausibility standard requires courts to accept the alleged facts as true and to make all reasonable inferences in favor of the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

have not pleaded that the procedure they received was insufficient. Wright Mot. at PageID.175–179. Wright asserts that Plaintiffs' equal protection claim fails because it does not allege which similarly situated group was treated better than Plaintiffs. Id. at PageID.180–181. Finally, Plaintiffs' state law malicious prosecution claim is defective because Plaintiffs have not pleaded that Wright knowingly provided false information to the prosecutor who initiated the violation citation. Id. at PageID.182–184.

McKenna's motion to dismiss argues that the § 1983 claims against it are facially implausible because Plaintiffs have not alleged that McKenna is a state actor. McKenna Mot. at PageID.383–388. McKenna also "incorporates by reference" the arguments set forth in Wright's motion to dismiss related to the § 1983 claims against it. Id. at PageID.390. Lastly, like Wright, McKenna asserts that Plaintiffs' state malicious prosecution claim is not plausibly pleaded because Plaintiffs failed to allege that McKenna knowingly provided false information to the prosecutor. Id. at PageID.390–392.

For the reasons set forth below, the Court concludes that Plaintiffs' procedural due process, state malicious prosecution, and equal protection claims are not plausibly pleaded so they are dismissed. Plaintiffs' substantive due process claim, however, is plausibly pleaded.

## A. 42 U.S.C. § 1983 Claims

To state a claim under § 1983, a plaintiff must allege (i) the deprivation of a right secured by the Constitution or laws of the United States, and (ii) that the defendant acted under color of state law in depriving plaintiff of that right. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1. State Actor

McKenna first argues that the Plaintiffs' three § 1983 claims against it should be dismissed because Plaintiffs have not alleged that it was a state actor. Mckenna Mot. at PageID.383–388.

4

Section 1983 claims can only be brought against "state actors." Lugar v. Edmondson Oil Co. Inc., 457 U.S. 922, 940 (1982). To file suit against a private party under § 1983, the party's actions must be "fairly attributable" to the state. Id. at 937. Plaintiffs describe McKenna as a "for-profit Michigan Corporation[]." Compl. ¶ 12.

McKenna argues that Plaintiffs failed to show that it was a state actor under any of the four tests the Sixth Circuit uses to show state action. McKenna Mot. at PageID.384–386. But these tests need only be applied when there are "no allegations of cooperation or concerted action between state and private actors." Am. Postal Workers Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004). Cooperation or concerted action is found, "[i]f a private party has conspired with state officials to violate constitutional rights…." Id. (punctuation modified).

Plaintiffs argue that they have sufficiently alleged "cooperation or concerted action" between McKenna and Royal Oak Township. Resp. at PageID.474. The Court agrees.

To properly plead cooperation and concerted action, Plaintiffs must plead the elements of civil conspiracy—(i) "a single plan existed;" (ii) the conspirators "shared in the general conspiratorial objective;" and (iii) "an overt act was committed." Am. Postal Workers Union, 361 F.3d at 905–906. Plaintiffs have made such allegations. Plaintiffs allege a single plan existed— McKenna "act[ed]…as Building Department and/or Planning Commission for [] Royal Oak Township." Compl. ¶ 12. They also alleged that the conspirators shared in the general conspiratorial objective to "keep marijuana businesses out of the Township." Id. ¶ 35. Plaintiffs also alleged that an overt act was committed when McKenna issued correspondence "without notice and without any pre-deprivation or post-deprivation hearing" to revoke the "[c]ertificate of [o]ccupancy, [b]usiness [l]icense, and all [b]uilding [p]ermits," id. ¶ 33, and issued Plaintiffs a citation for alleged violations of Royal Oak Township ordinances. Id. ¶ 65. These allegations are

5

sufficient at this stage to allege that McKenna acted under color of state law by way of a civil conspiracy.

## 2. Due Process Claims (Counts I, II)

The Fourteenth Amendment of the United States Constitution protects individuals from deprivations of life, liberty, or property, without due process of law.  U.S. Const. amend. XIV, § 1.  "The clause contains both a substantive and a procedural component."  EJS Props., LLC v. City of Toledo, 698 F.3d 845, 855 (6th Cir. 2012).  Procedural due process requires the government provide a "fair procedure" when depriving someone of life, liberty, or property, whereas substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them."  Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (punctuation modified).  To successfully claim a violation of substantive or procedural due process, a plaintiff must first establish the existence of a constitutionally protected interest.  West, 487 U.S. at 48.

### a. Constitutionally Protected Property Interest

Under Michigan law, a landowner possesses a property interest when they hold a valid building permit and have completed substantial construction.  See Seguin v. City of Sterling Heights, 968 F.2d 584, 590 (6th Cir. 1992) ("Under Michigan law, a landowner does not possess a vested property interest in a particular zoning classification unless the landowner holds a valid building permit and has completed substantial construction."); see also Dorr v. City of Ecorse, 305 F. App'x 270, 275 (6th Cir. 2008) ("Under Michigan law, it is well established that possession of a valid building permit coupled with substantial reliance thereon, including actual construction, will bestow vested property rights to a non-conforming structure.").

Wright and McKenna first argue that Plaintiffs have not alleged a constitutionally protected property interest because "there is no constitutionally protected interest in using a property in a manner contrary to a local ordinance." Wright Mot. at PageID.171; McKenna Mot. at PageID.390. The issue with this argument is that, at an earlier time, Plaintiffs decided that Defendants' proposed use of the property was not contrary to Township ordinances because it issued Plaintiffs building permits, a business license certificate, and a certificate of occupancy. Compl. ¶¶ 22–24; 26; 28; 31–32. And Plaintiffs relied upon these permits, license, and certificate to build out the subject property. Id.

Wright and McKenna also argue that possession of a license, permit, or certificate, coupled with substantial reliance only creates a protected property interest if the license, permit, or certificate is valid. Wright Mot. at PageID.171; McKenna Mot. at PageID.390. At this stage in the proceeding, the Court cannot determine whether the permits, license, and certificates were issued erroneously in violation of Royal Oak Township ordinances. See Hart v. Township of Presque Isle, 761 F. Supp.3d 1011, 1021–1022 (E.D. Mich. 2024) (finding on summary judgment that plaintiffs did not have a vested property interest in an invalidly issued permit). Permits were initially issued and remained in place for some ten months before being revoked. At the pleading stage, this is sufficient for plausibly pleading a constitutionally protected property interest.

### b. Substantive Due Process (Count I)

Substantive due process is "[t]he doctrine that certain governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed…." Pearson v. City of Grand Blanc, 961 F.2d 1211, 1216 (6th Cir. 1992). "To sustain a substantive due process claim in the context of zoning administrative action, a plaintiff must show that the state administrative agency has been guilty of arbitrary and capricious action in the

7

strict sense, meaning that there is no rational basis for the administrative decision." Systematic Recycling LLC v. City of Detroit, 635 F. App'x 175, 182 (6th Cir. 2015) (punctuation modified). Federal courts "will not interfere with local zoning decisions unless the locality's action has no foundation in reason and is a mere arbitrary or irrational exercise of power." Paterek v. Vill. of Armada, 801 F.3d 630, 648 (6th Cir. 2015) (punctuation modified).

Wright and McKenna argue that Plaintiffs cannot show "outrageous abuse and oppression" when permits, licenses, and certificates are revoked for failing to comply with laws or ordinances. Wright Mot. at PageID.173; McKenna Mot. at PageID.390.

Plaintiffs argue they have properly alleged a substantive due process claim against Wright and McKenna because they alleged that they revoked their permits, license, and certificate without any basis whatsoever and that "citations were maliciously issued for alleged [] violations of [t]ownship [o]rdinances." Resp. at PageID.454.  In support, they point to several paragraphs in the Complaint detailing the approvals they previously received, the basis upon which the certificate of occupancy was granted, and the fact that the "ordinance violation proceedings terminated in [their] favor." Id. at PageID.455.

At this stage in the litigation, the Court agrees that Plaintiffs have adequately alleged that they were deprived of their constitutionally protected property interest when the permits, licenses, and certificates, upon which they relied, were revoked.  Further, the allegation that the ordinance proceeding terminated in Plaintiffs' favor plausibly alleges that the permits, licenses, and certificates were revoked arbitrarily and without any basis.  See Naturale & Co. v. City of Hamtramck, 614 F. Supp.3d 575, 581 (E.D. Mich. 2022) (denying defendant's motion to dismiss plaintiffs' substantive due process claim that alleged that defendants violated their rights by

refusing to issue certificates of occupancy after plaintiffs' substantial reliance on issued building permits).

### c.   Procedural Due Process (Count II)

Plaintiffs also bring a procedural due process claim against Wright and McKenna.  Compl. ¶¶ 55–63.  To establish a claim for a violation of procedural due process, a plaintiff has the burden of showing that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest."  EJS Props., LLC, 698 F.3d at 855 (punctuation modified).

Wright and McKenna argue that Plaintiffs have not adequately alleged that procedure was deficient.  Wright Mot. at PageID.176–178; McKenna Mot. at PageID.390.  Adequate procedure consists of (i) notice and (ii) an "opportunity to be heard at a meaningful time and in a meaningful manner."  Garcia v. Fed. Nat. Mortg. Ass'n, 782 F.3d 736, 741 (6th Cir. 2015) (punctuation modified).

Wright and McKenna first argue that post, rather than pre-deprivation, is sufficient procedure.  Wright Mot. at PageID.177–178; McKenna Mot. at PageID.390.  Due process is "a flexible concept that varies with the particular situation" and "[i]n some circumstances, postdeprivation process alone may suffice."  Hart, 761 F. Supp. 3d at 1024 (punctuation modified). Plaintiffs do not contest Wright and McKenna's argument, except as it relates to their revoked business license.  Resp. at PageID.464–465.  Plaintiffs argue that the process Wright and McKenna employed to revoke their business license was insufficient because the revocation was in violation of a township ordinance.  Id. at PageID.465.  They assert that the "revocation of Marijuana Business Licenses under Township Ordinance No. 218 [] requires written intent to revoke a

9

marijuana business license, including the specific grounds for such action, a pre-revocation hearing, issuance of a written decision including the specific reasons for the decision and a statement advising Plaintiffs of the right to appeal." Id.

Deviations from local procedure do not, in themselves, establish procedural due process violations. See Chandler v. Vill. of Chagrin Falls, 296 F. App'x. 463, 472 (6th Cir. 2008) ("Failure to comply with state law does not…automatically translate into a deprivation of procedural due process under the United States Constitution."). Further, Wright and McKenna assert that Royal Oak Township ordinances, Michigan building codes, and statutes provide Plaintiffs with an adequate multi-layered appeal process. Wright Mot. at PageID.177–178 (citing Royal Oak Township Ordinances, §§32-50[6], 153-157[7]; 2015 Michigan Building Code §113.1[8]; and Mich. Comp. Laws §§125.1514–1518.[9]); McKenna Mot. at PageID.390. Wright and McKenna assert

---

[6] Section 32-50 grants the zoning board of appeals ("ZBA") various responsibilities and authority pursuant to zoning. Subsection 6 states that the ZBA shall "hear and decide appeals from and review any order, requirements, decision, or determination made by an administrative official or body charged with enforcement of this chapter . . . . In doing so, the ZBA may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination as in its opinion ought to be made in the premises." § 32-50(6).

[7] Section 32-157 sets forth the criteria for granting variances and appeals. Section 32-157(2) states that the ZBA "may reverse an order of an enforcement official only if it finds that the action or decision appealed: a. [w]as arbitrary and capricious; b. [w]as based on an erroneous finding of a material fact; c. [c]onstituted an abuse of discretion; or d. [w]as based on erroneous interpretation of this chapter or zoning law."

[8] Section 113.1 states: "an interested person may appeal a decision of the enforcing agency to the board of appeals in accordance with the act. An application for appeal shall be based on a claim that the true intent of the code or the rules governing construction have been incorrectly interpreted, the provisions of the code do not apply, or an equal or better form of construction is proposed. The decision of a local board of appeals may be appealed to the construction code commission in accordance with the act and time frames."

[9] Section 125.1514(1) establishes a "construction board of appeals for each governmental subdivision enforcing code…." "If an enforcing agency refuses to grant an application for a building permit…an interested person, or the person's authorized agent, may appeal in writing to

that Plaintiffs did not avail themselves of their post-deprivation opportunities to be heard.  Wright Mot. at PageID.178; McKenna Mot. at PageID.390.  Accordingly, a procedural remedy exists under the appeal process detailed in the ordinances, code, and statute, not through a procedural due process claim.  Id.  Plaintiffs contend that their failure to exhaust administrative remedies does not bar their "instantly recognizable" procedural due process claim.  Resp. at PageID.466.

While Plaintiffs are correct in that the exhaustion doctrine does not bar their claim, their claim fails to allege the inadequacy of the post-deprivation remedies.  In the context of a claim of inadequate post-deprivation procedural due process, Plaintiffs must allege that the "state or administrative processes and remedies to redress [their] due process violations" were inadequate.  Jefferson v. Jefferson Cnty. Pub. Sch. Sys., 360 F.3d 583, 588 (6th Cir. 2004).

---

the board of appeals."  Id.  "The board of appeals shall hear the appeal and render [a] its decision with a statement of reasons for the decision…not more than 30 days after submission of the appeal."  Id.

Section 124.1515(1) states that after a public hearing, the board of appeals may grant a variance "if the literal application of the substantive requirement would result in exception, practical dificultly to the applicant," and if, (a) the aspect to which the variance is granted "shall be adequate for its intended use and shall not substantially deviate from performance required by the code" or "part for the health, safety and welfare of the people of this state;" and (b) "the specific condition justifying the variance shall be neither so general nor recurrent in nature" so that the amendment to the code is "reasonably practical or desirable."

Section 124.1516(1) states that "[a]n interested person, or the interested person's authorized agent, may appeal a decision of a board of appeals to the commission within 10 business days after filing of the decision with the enforcing agency….  The commission may affirm, modify, or reverse a decision of the board of appeals or the enforcing agency.  Id.  An appeal to the commission shall be decided within 30 days after receipt of the appeal by the commission."  Id.

Section 125.1517 states that an appeal to the board of appeals or the commission "does not stay a stop construction order [] or prevent an enforcing agency from seeking" a court order "enjoining the violation of a stop construction order."

Section 125.1518 states that an "appeal [] from a decision of the commission or a board, [] shall be made by a claim of appeal filed with the court of appeals."

In the present case, Plaintiffs allege that Defendants deprived them of their protected interests by revoking the certificate of occupancy, business license, and permits "without following the revocation procedures established by their own Code of Ordinances, the 2015 Michigan Building Code, and/or the Stille-DeRossett-Hale Single State Construction Code Act, MCL 125.1501 et. seq." Compl. ¶ 57. Plaintiffs' allegation is not that the procedures outlined in the code, act, and statute listed in ¶ 57 are inadequate. Rather, Plaintiffs allege that Wright and McKenna failed to follow them. Id. But Plaintiffs fail to allege how the procedures were not followed. Nor do they allege why the detailed avenues of appeal were not adequate. The Court may not fashion an argument for a party who has failed to do so itself. See McPherson v. Kelsey, 125 F.3d 989, 995–996 (6th Cir. 1997). Plaintiffs' procedural due process claim is dismissed.

### 3. Malicious Prosecution under Michigan Law (Count III)

To assert a claim of malicious prosecution under Michigan law, Plaintiffs must allege that: "1. [p]rior proceedings terminated in favor of the present plaintiff; 2. [a]bsence of probable cause for those proceedings; 3. [m]alice, defined as a purpose other than that of securing the proper adjudication of the claim; and 4. [a] special injury that flows directly from the prior proceedings." Moldowan v. City of Warren, 578 F.3d 351, 390 (6th Cir. 2009). To plead the probable cause element of this claim, a plaintiff must allege that a defendant knowingly swore to false facts in the complaint and, without those facts, there would be no probable cause. Id. at 391.

Wright and McKenna argue that Plaintiffs have failed to plausibly state a claim for malicious prosecution under Michigan law because they have not alleged that the citation for alleged violations of Royal Oak Township ordinances was predicated upon falsely supplied information. Wright Mot. at PageID.183–184; McKenna Mot. at PageID.391–392. Related to probable cause, Plaintiffs' complaint only alleges that the citation was "issued, caused, continued

12

and pursued by Defendants with malice and without reasonable suspicion and/or probable cause." Compl. ¶ 66. Plaintiffs argue that they have plausibly pleaded a Michigan malicious prosecution claim because they alleged that "special use approval was not required, and applicable set back [sic] requirements were not violated" so Wright and McKenna's "assertions otherwise [are] knowingly false." Resp. at PageID.472–473.

But the claim that Wright and McKenna's assertion is "knowingly false" is not actually stated in Plaintiff's complaint. Plaintiffs may not supplement their complaint through their response to a motion to dismiss. See Jocham v. Tuscola Cnty., 239 F.Supp.2d 714, 732 (E.D. Mich. 2003) ("[P]laintiffs may not amend their complaint through a response brief."). Because Plaintiffs have failed to allege that Wright and McKenna knowingly swore to false facts to generate the citation, Plaintiffs have failed to plausibly plead a malicious prosecution claim under Michigan law.

### 4. Equal Protection (Count IV)

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

Plaintiffs' complaint alleges that under a "class of one" theory that other "occupants, businesses," and "persons similarly situated to Plaintiffs" received preferential treatment with respect to the issuance and revocation of business licenses, permits, and certificates, as well as the enforcement of Royal Oak Township Ordinances that govern site plans, special uses, and minimum setbacks. Compl. ¶¶ 71–72, 76–77.

"A class of one may bring an equal-protection claim, where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment." EJS Props., LLC, 698 F.3d at 864 (punctuation modified). "A class of one plaintiff may demonstrate that government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." Cahoo v. SAS Analytics Inc., 912 F.3d 887, 905 (6th Cir. 2019) (punctuation modified).

Wright and McKenna argue that Plaintiffs' equal protection claim is facially implausible because the complaint does not sufficiently identify the existence of a comparator. They argue that Plaintiffs fail to state any of the "preferred" occupants, businesses, or persons by name, or fail to describe the similarity of Plaintiffs' situation to this vague group of others. See Wright Mot. at PageID.180–181; McKenna Mot. at PageID.390. Further, Plaintiffs do not specifically identify which medical marijuana growth facilities Plaintiffs allege violated the relevant local ordinances, yet were not subjected to revocation of licenses, permits, and certificates. Id. at PageID.181.

In their response brief, Plaintiffs' reiterate the allegation in their complaint and add that the alleged similarly situated parties are "those not in violation of the Township Ordinances to whom have been issued site plan approval, building permits, licenses and certificates validly." Resp. at PageID.470.

Plaintiffs' conclusory comparator allegations are insufficient to state an equal protection claim. See MacDonald v. City of Detroit, 434 F. Supp. 3d 587, 598 (E.D. Mich. 2020) (finding that plaintiff's allegation that he "was treated by the Defendants adversely and differently than other individuals and entities who were similarly situated to plaintiff" was a threadbare allegation that was insufficient to allege the existence of a comparator). Plaintiffs' attempt to remedy this

14

deficiency in their response brief is equally ineffective as it just repeats the same deficient allegation contained in their complaint.  Accordingly, Plaintiffs have failed to state an equal protection claim.

### B. Plaintiffs' Request for Leave to Amend

In their response brief, Plaintiffs request that the Court grant leave to amend to the extent the Court finds they failed to plead claims.  Resp. at PageID.475–476.  Plaintiffs did not file a separate motion with this request, nor did they attach their proposed amendment to their response brief.

Although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires," a district court may deny such leave when a plaintiff has "neither moved formally to amend nor proffered a proposed amended complaint."  See United States ex rel. Owsley v. Fazzi Assocs., Inc., 16 F.4th 192, 197 (6th Cir. 2021).  "A bare request in opposition to a motion to dismiss—without indication of the specific grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)."  PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699 (6th Cir. 2004) (punctuation modified).

Because Plaintiffs have not formally moved to amend their complaint, attached a proposed amended complaint, or offered any explanation as to how amendment would cure specific deficiencies in their complaint, their request is denied.

### III. CONCLUSION

For the reasons stated above, the Court grants in part as to Counts II, III, and IV and denies in part as to Count I Wright and McKenna's motions to dismiss (Dkts. 25, 26).  Plaintiffs' procedural due process, state malicious prosecution, and equal protection claims against Wright and McKenna are dismissed with prejudice.

**SO ORDERED.**

Dated: March 12, 2026                              s/Mark A. Goldsmith
Detroit, Michigan                                  MARK A. GOLDSMITH
                                                   United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2026.

                                                   s/Joseph Heacox
                                                   JOSEPH HEACOX
                                                   Case Manager

16